UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.: 20-CR-31 (DWF/LIB) |
| Plaintiff, | |
| v. | POSITION OF DEFENDANT VANNASENG KAYSANA LEE PADICHIT WITH RESPECT TO SENTENCING |
| VANNASENG KAYSANA LEE PADICHIT, | |
| Defendant. | |

---

Defendant, Vannaseng Kaysana Lee Padichit, by and through his attorney, submits this position pleading in support of a sentence that reflects the seriousness of his actions, but recognizes the potential of his future. Mr. Padichit adopts the Presentence Report (PSR), with the exception of the following objections noted below. Mr. Padichit submits that the 3553(a) factors support a variance below the guideline sentence. He also believes §5G1.3(b) applies and his sentence should be adjusted to reflect his custody history.

Mr. Padichit has never had the security of place. His place in the world has always been in flux. Those around him, family, friends, loved ones, have come in and out of his life leaving vacuums that Mr. Padichit has spent his life searching to fill. For much of his adult life methamphetamine clouded his mind and allowed him to believe he had a place. Today he knows that it was false, all a lie. Methamphetamine did not give him the loyalty and unconditional love from those around him—it only concealed his ability to see the lie. Jailed for the last year he recognizes the lie. The forced sobriety of

jail often produces clarity, something I have witnessed in many of my clients. Most have an earnest desire to stay sober, to change. Unfortunately, we know that many do not make that change. I do not profess to know the secret that makes that change stick. But, it seems to me that when a person has a history of living without drugs and crime for at least a portion of their life, that experience is something that can be drawn upon to live again a life not bound to addiction. Mr. Padichit has the earnestness and history to live a life different from the one that has placed him before this Court.

**I.  Mr. Padichit Objects To the Inclusion in His Guideline Calculation of the Methamphetamine Seized on November 24, 2019.**

The plea agreement in this case contemplated methamphetamine from two incidents, the first an arrest on September 19, 2019, in Morrison County and the second from an arrest on May 2, 2019, in Mille Lacs County. (ECF #37 at pp. 2-3). Based on these two incidents the plea agreement calculated a base of offense level of 28 on a quantity of approximately 427 grams. (ECF #37 at pp. 5-6). The base offense level calculation in the PSR includes methamphetamine recovered from a November 24, 2019, incident in Dakota County. (PSR ¶ 21 & A.1). Mr. Padichit submits the parties, particularly the Government, are in the best position to know what offense conduct is relevant and respectfully requests the Court adopt the base offense level of 28 as contemplated in the plea agreement as it accurately reflects Mr. Padichit's culpable conduct.

## II. Mr. Padichit Has Been in Both State and Federal Custody Related to this case Pursuant to §5G1.3(b) He Asks This Court to Adjust His Sentence to Reflect His Custody Credit.

On May 2, 2019, Mr. Padichit was arrested in Morrison County on conduct related to this case. (PSR at ¶ 8). Mr. Padichit remained in custody in Morrison County until May 7, 2019, when bond was posted. (PSR at F.1)(49-CR-19-580). In Morrison County Mr. Padichit was in custody for seven (7) days. On September 19, 2019, Mr. Padichit was arrested in Mille Lacs County on conduct related to this case. (PSR at ¶ 10). Mr. Padichit remained in custody in Mille Lacs County until October 14, 2019, when bond was posted. (PSR at F.1)(48-CR-19-2101). In Mille Lacs County Mr. Padichit was in custody for twenty-six (26) days. While Mr. Padichit objects to the inclusion of the methamphetamine recovered on November 24, 2019, in Dakota County, if the Court includes the 110 grams of methamphetamine recovered in Dakota County in the Court's sentencing guideline calculation, then Mr. Padichit requests the Court credit him for the time he was in custody in Dakota County. Mr. Padichit was in custody in Dakota County from the time of his arrest on November 24, 2019, until he was transferred to federal custody on February 19, 2020, for a total custody period of 87 days. (PSR at F.1)(19HA-CR-19-3151).

As this Court knows, generally, when a defendant is serving a term of imprisonment at the time the instant offense is committed, any term of imprisonment imposed in the instant offense is to run consecutively. U.S.S.G. § 5G1.3(a). However, when the term of imprisonment being served has the same relevant conduct as the instant offense the Court "shall adjust" the term of the instant sentence to reflect credit for the

3

previously served sentence. U.S.S.G. § 5G1.3(b)(1). Mr. Padichit's custody history is a result of conduct directly related to this case. He respectfully respects this Court adjust his sentence so that he may receive credit for the time he has been in custody.

### III.     The 18 U.S.C. § 3553(A) Factors In This Case Warrant A Downward Sentence Variance.

In accordance with 18 U.S.C. § 3553 (B), U.S.S.G. § 5K2.0, Gall v. United States, 552 U.S. 38 (2007), and the factors set forth in 18 U.S.C. § 3553(a), Mr. Padichit respectfully requests a sentence of between the mandatory minimum of 60 months and 84 months. Among the statutory factors set forth at 18 U.S.C. § 3553(A) that the Court is to consider in imposing a sentence is the need "to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant." The plea agreement in this case contemplated a sentencing guideline range of 110-137 months. (ECF #37 at p. 7). Mr. Padichit's criminal history score of VI dramatically pushes his sentencing range up. He admits he has not had a crime free life. Through his life he has alternated between steady responsible working and living and drug use and criminal conduct to support his drug use. Mr. Padichit admits he is a drug addict. He is one of the million Americans who use methamphetamine.[1] And while his criminal history is accurate, his criminal conduct is directly related to his addiction. To support his habit Mr. Padichit through his life cross and re-crossed the line from the everyday world of responsible citizens working for extended periods at various jobs to the dark world of

---

[1] http://www.drugabuse.gov/publications/research-reports/methamphetamine/what-scope-methamphetamine-abuse-in-united-states

drug addiction. A world that turns ordinary citizens into thieves and drug dealers. Mr. Padichit admits his drug addiction took him to that other world.

Of course, his drug addiction does not excuse his journey to the dark world of drug dealing. But, his actions in that world show a depth of character that makes him different than most. He was not that good of a drug dealer. He was often taken advantage of by those around him. He became blinded by the belief that people around him loved him, when in fact they only loved the methamphetamine he provided. He didn't carry a gun. His drug dealing didn't deliver him fancy cars. He sold drugs to feed his addiction and create a community of "friends" that had always been missing from his life.

Mr. Padichit's life is a story of the search for human connection. Born from war, he never had a father and has spent much of his life searching for that cornerstone figure. First with a stepfather then with an uncle, all the while haunted by the meeting of a man who was his father, but really just a stranger. (PSR at ¶ 66). The one person who seemed to provide stability and unconditional love, his grandmother disappeared from his life as he moved to America. Once here he struggled to fit in. Struggled to find a community.

Mr. Padichit believes his time in the Dakota County Jail marks a changing point in his life. His incarceration has let him get clean. Without methamphetamine pushing through his body he has started to see a different perspective. He has taken responsibility for his actions. He has started to grapple with the reality of his future and to make plans. He is in essence a man without a country. He never fully assimilated to America and his relationship with his birth land is complicated by the decisions of his father and the geopolitics of war. When he serves his sentence he will be deported. He knows he must

return to a strange land clear headed. He has committed to himself to use his time in prison to learn why he used. It is a noble commitment, one I believe is genuine.

*   *   *

On sentencing day Mr. Padichit will stand before this Court accepting and grateful that the next step of his life will soon begin. He is—like us all—flawed, but Mr. Padichit is a good person. When he stands before this Court for sentencing I asks this Court to consider the § 3553(a) factors and vary from guidelines.

Respectfully submitted,

**WOLD MORRISON LAW**

Dated: January 9, 2021.

s/ Aaron J. Morrison
Aaron J. Morrison, ID #341241
331 Second Ave S, Suite 705
Minneapolis, MN 55401
Phone: (612) 341-2525
Facsimile: (612) 341-0115