UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VANNASENG KAYSANA LEE PADICHIT,<br><br>Defendant. | NO.: 20-CR-31 (DWF/LIB)<br><br>**SUPPLEMENTAL POSITION OF DEFENDANT VANNASENG KAYSANA LEE PADICHIT WITH RESPECT TO SENTENCING** |

Defendant, Vannaseng Kaysana Lee Padichit, by and through his attorney, submits this supplemental position pleading in support of his sentencing. Specifically, Mr. Padichit submits a downward variance is warranted based on the disparity created by the sentencing guidelines' calculation of actual and a mixture of methamphetamine. Mr. Paichit also provides a status update on his current State of Minnesota criminal cases.

**A. The Court should grant a downward variance based on the significant disparity between actual and a mixture of methamphetamine**

Recent tests of the methamphetamine seized on September 19, 2019, have resulted in a potential base offense level increase to 32 based on the "purity" for purposes of the Sentencing Guidelines. Mr. Padichit cannot argue with Probation's sentencing guideline calculation. The calculation follows the mechanical guideline calculation process. However, this Court may vary downward based on a policy disagreement with the Sentencing Guidelines. See <u>Kimbrough v. United States</u>, 552 U.S. 85, 101 (2007). In this District, many courts have already documented their policy disagreement with the

1

Sentencing Guidelines treatment of actual and a mixture of methamphetamine. For example, Chief Judge Tunheim reviewed the history of the methamphetamine guidelines and noted his policy disagreement with the Guidelines before granting a downward variance. United States v. Ferguson, Case No. 17-cr-204, *7 (D. Minn. Aug. 2, 2018). Chief Judge Tunheim found at least three problems with the methamphetamine disparity:

1. The 10-1 ratio between actual and a mixture of methamphetamine "is not based on empirical evidence, creating Guideline ranges for actual (and ice) methamphetamine that are excessive and not 'heartlands.'" Id. at *8 (citation omitted).

2. "Purity is no longer a proxy for, and thus not probative of, the defendant's role or position in the chain of distribution." Id.

3. "[T]he prevalence of high-purity methamphetamine virtually guarantees that a defendant's base offense level under the Guidelines will substantially increase if the methamphetamine is tested for purity—a decision that can be completely arbitrary." Id. at *9.

In United States v. Hernandez-Coria, Case No. 18-cr-299, ECF# 129, Judge Nelson identified with many of the same reasons as articulated by Chief Judge in varying downward from the Sentencing Guidelines. She also noted a "harms-based analysis cannot be used to support the current pure or actual meth guidelines" because the Sentencing Guidelines treat actual methamphetamine so much more severely than even heroin or synthetic opioids, though the latter narcotics are far more dangerous to users. Id., ECF# 129 at 16:11-17:1. For similar reasons, other Courts within the District have noted the policy disagreement by the disparity created by the Sentencing Guidelines, and in many cases, those Courts granted a downward variance. See, e.g., United States v. Heisler, Case No. 18-cr-115, ECF# 52 (Schiltz); United States v. Norwood, Case No. 18-

cr-152, ECF# 154 (Ericksen).  This Court too has noted that it has "a policy disagreement with the guidelines treatment involving pure or actual meth versus mixtures." <u>United States v. Kehler</u>, Case No. 17-cr-196, ECF# 112 at p. 71 (Frank).

For the same reasons, this Court should enter a downward variance for Mr. Padichit.  As this Court and other Judges in this District and elsewhere have observed, there is no empirical evidence supporting a 10-1 disparity between actual and a mixture of methamphetamine.

### B.  The status of Mr. Padichit's State of Minnesota cases.

Through Probation the Court inquired about the status of Mr. Padichit's State of Minnesota criminal cases.  Specifically, *Dakota County 19AV-CR-19-8620*; *Cass County 11-CR-19-1885;Mille Lacs County 48-CR-19-2101; Mille Lacs County 48-CR-19-2123*; *Dakota County 19HA-CR-19-3151*; and *Freeborn County 24-CR-19-1919*.  Counsel for Mr. Padichit has been in contact with Mr. Padichit's public defenders or prosecutors on the cases he has not been assigned a public defender.  Based on that contact Counsel believes all of the cases will be resolved following his sentencing by this Court.

                                                Respectfully submitted,

                                                **WOLD MORRISON LAW**

Dated: May 7, 2021.                    s/ Aaron J. Morrison
                                                Aaron J. Morrison, ID #341241
                                                331 Second Ave S, Suite 705
                                                Minneapolis, MN 55401
                                                Phone:  (612) 341-2525
                                                Facsimile:  (612) 341-0115